|  |  |
|---|---|
| **AIKISHA GRIFFITH,** : | |
| : | **UNITED STATES DISTRICT COURT** |
| : | **DISTRICT OF NEW JERSEY** |
| Plaintiff(s), : | |
| : | Hon. Dennis M. Cavanaugh |
| -vs- : | Civil Action No. 07-2209 (DMC) |
| : | |
| **NEWARK BETH ISRAEL, et al.,** : | **PRETRIAL SCHEDULING ORDER** |
| : | |
| Defendant(s). : | |

      **THIS MATTER** having come before the Court for a scheduling conference via telephone pursuant to Rule 16 of the Federal Rules of Civil Procedure on May 30, 2007; and for good cause shown:

      **IT IS on this 1st day of June, 2007**

      **ORDERED THAT:**

### I. DISCLOSURES

    1.    Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **June 15, 2007.**

### II. DISCOVERY

    2.    Discovery is to remain open through **December 1, 2007**. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

    3.    The parties may serve interrogatories limited to twenty-five (25) single questions and requests for production of documents on or before **June 30, 2007**, to be responded to **within thirty (30) days of receipt**.

    4.    No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 32(d) (3) (A). No instruction not to answer

shall be given unless a privilege is implicated.

5. Any discovery dispute shall be brought to the Court's attention in the first instance by letter or by telephone conference call immediately after the parties' good faith attempt to resolve the dispute has failed. See L. Civ. R. 16.1(f)(1).

6. No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court.

### III.  DISCOVERY CONFIDENTIALITY ORDERS

7. Any proposed confidentiality order agreed to by the parties must strictly comply with Fed.R.Civ.P. 26(c) and Local Civil Rule 5.3.  See also Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994); Glenmede Trust Company v. Thompson, 56 F.3d 476 (3d Cir. 1995).  Any such form of order must be accompanied by an affidavit or attorney certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order."  The affidavit or attorney certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result should the order not be entered.  Any such order must be clearly designated **"Discovery Confidentiality Order."** See Local Civil Rule 5.3.

### IV.  FUTURE CONFERENCES

8. There shall be a status/settlement conference before the undersigned on **Tuesday, July 10, 2007** at **9:30 a.m.** at the U.S. Post Office and Courthouse, 1 Federal Square, Fourth Floor, Room 457, Newark, New Jersey.  All parties with settlement authority are required to attend the conference.

9. The Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

10. Counsel should be prepared to discuss settlement at every conference with the Court. The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority must either attend or be immediately available by telephone.  In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference.

11. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

12. A copy of every pleading, document or written communication with the Court shall

be served on all other parties to the action.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

### V.  MOTIONS

13. Any motion to add new parties, whether by amended or third-party complaint, must be returnable not later than **August 1, 2007.**

14. Any motion to amend pleadings must be returnable not later than **August 1, 2007**.

15. <u>No motions are to be filed without prior written permission from this Court.</u>  All dispositive motions must first be subject to a dispositive motion pre-hearing.  These prerequisites must be met before any motions are filed and the motions will be returned if not met.  All calendar or dispositive motions, if permitted, shall comply with Local Civil Rules 7.1(b), Appendix N and 78.1.

16. Dispositive motions, if any, are to be filed by    **TO BE DETERMINED**   .

### VI.  EXPERTS

17. All affirmative expert reports shall be delivered by **September 1, 2007**, with depositions of those experts to be taken and completed **within thirty (30) days of receipt of report**.  See Fed. R. Civ. P. 26(b) (4) (A).  Any such report is to be in the form and content as required by Fed. R. Civ. P. 26(a) (2) (B).

18. All responding expert reports shall be delivered by **October 15, 2007**, with depositions of those experts to be taken and completed **within thirty (30) days of receipt of report**.  Any such report shall be in the form and content as described above.

19. No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his report.

### VII.  FINAL PRETRIAL CONFERENCE

20. A final pretrial conference shall be conducted pursuant to Civil Rule 16(d) at **a time and date to be assigned**.

21. Pursuant to paragraphs 14 and 15 of this Court's form of Final Pretrial Order, all pretrial submissions must be served upon the Court **forty-eight (48) hours** prior to the final pretrial conference.

22. All counsel are directed to assemble at the office of plaintiff's counsel not later than ten (10) days before the pretrial conference to prepare the proposed Final Pretrial Order in the form and content required by the Court, as well as the required pretrial submissions consisting of agreed-upon jury instructions, voir dire questions, verdict sheet, trial briefs and a neutral statement of the case to be read to the jury panel, all of which must be submitted **forty-eight (48) hours** before the

final pretrial conference. Plaintiff's counsel shall prepare the Pretrial Order and shall submit it to all other counsel for approval.

23. With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

24. The original of the Final Pretrial Order shall be delivered to Chambers not later than **forty-eight (48) hours** before the pretrial conference, along with all pretrial submissions and trial briefs. All counsel are responsible for the timely submission of the Pretrial Order and submissions.

25. **FAILURE TO FOLLOW THIS ORDER WILL RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**

                                                  s/Mark Falk
                                                  **MARK FALK**
                                                  **United States Magistrate Judge**

Original:    Clerk of the Court
cc:           Hon. Dennis M. Cavanaugh, U.S.D.J.
              All Parties
              File